THE STATE ex rel. J. W. TIMBERMAN, Sheriff of Dunklin County, v. GEORGE HACKMANN, State Auditor.

In Banc, January 4, 1924.

COSTS:   Taxable Against State: Indictment for Murder: Instruction for Manslaughter.   Under the statute (Sec. 4171, R. S. 1919) declaring that "in all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the State," the character of the case as a "capital case" is fixed by an indictment or information charging murder in the first degree and a plea of not guilty, and where the defendant is acquitted the costs are taxable against the State, notwithstanding an instruction for manslaughter in the fourth degree was given.

*Mandamus.*

302 Mo. Sup.—18.

WRIT MADE ABSOLUTE.

*James V. Billings* for relator.

(1) The petition states sufficient facts to entitle this relator to the relief prayed for, and to authorize the issuance of the writ of mandamus. State ex rel. v. Mason, 153 Mo. 23; State ex rel. v. Shuck, 184 Mo. App. 547; State ex rel. v. Wilder, 196 Mo. 418; State ex rel. v. Wilder, 197 Mo. 27; State ex rel. v. Platte Co., 40 Mo. App. 503; State ex rel. v. Gordon, 254 Mo. 471; State ex rel. v. Fraker, 166 Mo. 130. (2) The State is liable for the costs in said cause, the accused having been charged by information with the capital offense of murder in the first degree, and acquitted. Secs. 4171, 4187, R. S. 1919; State ex rel. v. Wilder, 197 Mo. 27; State ex rel. v. Platte Co., 40 Mo. App. 503; State ex rel. v. Carpenter, 51 Mo. 555. (a) Murder in the first degree is a capital offense, and the term capital offense is a classification made and recognized by organic and statutory law and adjudicated cases. Sec. 3232, R. S. 1919; Ex parte Dusenberry, 97 Mo. 504; State v. Hunter, 171 Mo. 435; State ex rel. v. Carpenter, 51 Mo. 555. (b) The charge contained in the information determines the character or classification of the offense, if the defendant be acquitted. Secs. 4171, 4187, R. S. 1919; State ex rel. v. Carpenter, 51 Mo. 555; Ex parte Dusenberry, 97 Mo. 504; State v. Hunter, 171 Mo. 435; Sec. 3955, R. S. 1919; State ex rel. v. Wilder, 197 Mo. 27; State ex rel. v. Platte Co., 40 Mo. App. 503.

*Jesse W. Barrett*, Attorney-General, and *Henry Davis*, Assistant Attorney-General, for respondent.

(1) The petition of the relator shows that the case out of which the fee bill arose was not solely a capital case, nor a case in which the sole punishment for the offense was imprisonment in the penitentiary. It

does not, therefore, state a cause of action against the respondent. Sec. 4171, R. S. 1919. (2) The word "case" as used in Section 4171 does not refer alone to the information or indictment in the case, but it embraces and includes all the issues presented by the parties for judicial inquiry and determination. Sec. 4171, R. S. 1919; Ozias v. Haley, 141 Mo. App. 640; State ex rel. v. Riley, 203 Mo. 175, 187; Ex parte Dipley, 233 Mo. 235, 239; Ex parte Smith, 233 Mo. 241, 242; In re Vickers, 201 Mo. 643; State ex rel. v. Carpenter, 51 Mo. 556; State ex rel. Tudor v. Platte County Court, 40 Mo. App. 503, 506; State ex rel. Spurlock v. Holliday, 67 Mo. 300; State ex rel. Clark v. Wilder, 197 Mo. 27, 32.

GRAVES, J.—This is an original proceeding in mandamus. Relator is the Sheriff of Dunklin County, and respondent is the State Auditor of Missouri. The petition is voluminous, but a brief resume of it will suffice. The State Auditor, with an eye bent singly upon protecting the public funds of the State, refused to audit and voucher certain cost bills in a criminal case, entitled State of Missouri v. F. E. Presler. The charge against Presler was that of murder in the first degree. The sheriff earned certain fees for service, as sheriff, in the case. Presler was tried upon the charge and acquitted. The circuit judge trying the case, with the prosecuting attorney, certified to cost bills in the case, and these certified cost bills were turned down by the State Auditor. They covered fees earned and due to the sheriff, relator here. The learned representative for the State makes the following fair and precise statement of the case:

"This is an action against the respondent in his official capacity as State Auditor to compel him to audit and allow a cost bill which was incurred in the prosecution of a criminal cause wherein the State of Missouri was plaintiff and F. E. Presler was defendant, and which was certified to him by the Clerk of the Circuit Court of Dunklin County over the certificates also of the prose-

cuting attorney and the judge of the Circuit Court of Dunklin County, Missouri. The petition of relator shows that in the said criminal prosecution for murder in the first degree an instruction was given to the jury authorizing them to find the defendant guilty of manslaughter. The defendant in that case was acquitted. The respondent has filed a demurrer to the petition of the relator questioning its sufficiency on the ground that the State is not liable for the costs in a criminal prosecution where the punishment might have been other than death or imprisonment in the penitentiary.''

Boiling the case down to the simple issue raised no extended statement is required. Presler was charged with the crime of murder in the first degree, and was tried and acquitted. The venue had been changed from the county where the crime was committed to another county, but this is not material. At the trial the court instructed upon murder in the first degree, upon manslaughter in the fourth degree, and upon self-defense. There is no dispute that the fee bills (as against the State) were made out and certified according to law, and that there were funds with which to pay them. The Auditor refused to audit and allow them on the sole ground that the State was not liable for the costs in the case, and this on the theory that there had been an instruction for manslaughter in the fourth degree. This is the essence of the case.

I. The respondent, State Auditor, in his return, which was in the nature of a demurrer, in substance avers that the petition herein fails to state a cause of action, because it shows upon its face that the State of Missouri is not liable for the costs involved herein, but that the same should be paid by Dunklin County. This contention is made because of the fact that in the course of the trial the circuit court gave an instruction upon manslaughter in the fourth degree. There could be no contention that the crime charged was not a capital case or a case punishable solely by

The Issue.

imprisonment in the penitentiary. The charge against the defendant speaks for itself. The real question is, whether or not the mere fact that the trial court instructed upon manslaughter in the fourth degree, changes the situation and changes the liability of the State under the statute as to costs in criminal cases. The question is a new one under the admissions in the brief from the Attorney-General's department, and must be solved by a fair interpretation of the statutes as to costs. These statutes and their bearing upon admitted facts we take next.

II.  The case turns upon the construction to be given to Section 4171, Revised Statutes 1919, and this section reads:

"In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the State; and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them, or it shall be otherwise provided by law."

The contention of respondent is that the word "case" as used in this section does not refer to the case as stated in the indictment or information, but to all the

What Is A Case?

issues which might arise in the case under the pleadings. To be more explicit, the contention is that although the charge is one of a capital case, yet if in the course of the trial evidence appears which compels an instruction for manslaughter in the fourth degree, then the State is not liable for costs made in such case. Such is as clear a statement as can be made of the single contention.

The issues in a criminal case of this kind are made by the information or indictment, and the plea of "not guilty" entered thereto. So when the case starts upon the course of trial the charge is a capital offense, and

a denial of that charge, raised by the plea of "not guilty." A verdict of "not guilty" is responsive to such an issue. In such a case the State is liable for costs upon the acquittal of the defendant, unless the situation is changed by reason of the fact that the trial court deemed it necessary, under the law, to instruct upon a lesser degree of homicide. The charge of murder in the first degree is the broadest charge of homicide, but under the practice, now firmly fixed, the court must instruct upon all the lesser grades of homicide, if the evidence authorizes or demands such an instruction. Does this situation change the liability of the State for costs? This is the single issue in the case before us. Learned counsel for the State Auditor concedes that the exact question has never been here before. He concedes that if the case made by the pleadings, (1) the indictment upon the part of the State, and (2) the plea of "not guilty" upon the part of the defendant, is the case made, which determines liability as to costs, then the State Auditor is wrong, and our permanent writ should go. Of this matter in the paragraph to follow.

III. If the contention now made by the respondent is the law, the circuit judges of Missouri have been in error for many years. In six years upon the circuit bench I certified, as did the circuit judge in this case, that the State was liable in a case where the charge was for a capital offense, and there was an acquit-

Character of Case: Made by Pleadings.

tal. The vaults of the State Auditor's office will be found filled with just such bills as the one involved here. Such bills will be found to have been audited and paid. It must be kept in mind that the single issue is that there was an instruction upon manslaughter. From the record, in the case before us, it cannot be determined whether the jury ever reached the question of manslaughter at all. They may have found that there was no manslaughter in the case, and yet returned the verdict which was returned. To our mind the statute itself is clear and plain. In

fixing the cases for which the State shall be liable for costs, in that it says: "In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, *if the defendant is acquitted,* the costs shall be paid by the State." Note the italicized language, "if the defendant is acquitted." In such a case it cannot be well said that the charge in the information is not the basis for fixing the liability of the State. The statute is speaking of certain offenses, and says if the defendant is acquitted of such offenses, then the State shall pay the costs. It (the statute) says nothing about what might occur during the trial. It is dealing with the issues made by the pleadings. In this case the pleading upon the part of the State makes the issue that defendant is guilty of murder in the first degree. His plea of not guilty puts that charge in issue. Upon such issue it cannot be said that the State can refuse to pay the costs.

Let the writ be made absolute. It is so ruled. All concur.

Headnote 1:   Costs, 15 C. J. sec. 817.